[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Defendant Howard E. Ignal moves for the entry of summary judgment against plaintiff Irwin J. Gordon. For the reason stated below, the motion is denied.
The plaintiff, who is an attorney-at-law, brought suit on behalf of Mercantile Bank of Kansas City against Robert and Carolyn Satawhite. He obtained a judgment in the bank's favor, obtained a court order for a wage execution, and arranged for a sheriff to serve the wage execution on Robert Satawhite's employer. After the sheriff served the wage execution, Attorney Ignal wrote to Robert Satawhite's employer and instructed the employer to send the sums deducted from Robert Satawhite's wages to Attorney Ignal. Mr. Ignal did not a send a copy of his letter CT Page 8767 to Mr. Gordon or the sheriff. The employer followed Attorney Ignal's instructions.
Attorney Gordon now brings this suit against Attorney Ignal. In the eighth paragraph of his complaint, Attorney Gordon claims that he has a charging lien on the payroll deductions for attorney's fees, sheriff's fees, and court costs. Attorney Ignal moves for summary judgment on the following grounds: "The plaintiff cannot prevail because Mr. Ignal, individually, is not successor counsel, there is no obligation to compensation him from Mr. Ignal, Mr. Ignal does not have possession of the property Mr. Gordon is seeking to foreclose, and Mr. Gordon should be denied the relief he may be seeking (there is no prayer for relief in the complaint) on equitable grounds."[1]
The defendant has not submitted any affidavits or documents in support of his motion for summary judgment. The plaintiff, on the other hand, has submitted an affidavit that shows that there is an evidentiary basis for this claim against the defendant. The plaintiff has demonstrated that he performed legal services for Mercantile Bank of Kansas City, that he had the right to collect his fee for services to the bank from the funds received pursuant to the wage execution, and that Attorney Ignal interfered with this right. The original complaint filed against Attorney Ignal requests a monetary award of approximately $2,500.00, which is the amount Attorney Gordon would have received for his legal services and the sheriff's fee had Attorney Ignal not interfered with Attorney Gordon's right to a charging lien. Attorney Gordon has shown that Attorney Ignal wrongfully interfered with Attorney Gordon's business expectation. Attorney Ignal has not presented any evidence to the contrary.
The motion for summary judgment is denied.
THIM, JUDGE